**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARCIA KIMBLE, *individually, and on behalf of all others similarly situated,* | ) ) ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-10037 ) |
| v. | ) **CLASS-ACTION** ) ) |
| FIRST AMERICAN HOME WARRANTY CORP. | ) ) **Jury Trial Demanded** ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Marcia Kimble ("Plaintiff" or "Ms. Kimble"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, submits her Complaint against Defendant First American Home Warranty Corp. ("Defendant" or "First American").  In support thereof, Plaintiff states as follows:

### NATURE OF THE CASE

1.     Plaintiff Marcia Kimble ("Plaintiff" or "Ms. Kimble") brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant FAHWC. FAHWC violated Plaintiff and the putative class-members' rights by placing solicitation calls to Plaintiff and the putative class members' residential lines, by making two or more solicitation calls to residential subscribers whose numbers were registered on the Do Not Call Registry. Those acts and omissions, which are described at length herein, were in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's corresponding regulations.

- 1 -

## BACKGROUND ON THE TCPA

2.      In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

3.      A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4.      The TCPA, through the accompanying FCC regulations, 47 C.F.R. § 64.1200(c) *et seq*., affords special protections for "residential subscribers" who register their phone numbers on the National Do Not Call Registry.

5.      Since 2003, persons who register cell phone numbers on the Do Not Call registry have been considered to be "residential subscribers" for the purpose of 227(c)(5) and the Do Not Call registry. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003) ("we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'")

6.      47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) provide that each person who receives more than one call within a 12-month period on their phone, where that called party did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7.      The TCPA also provides protections for persons who receive prerecorded or artificial voice calls without the caller (or the company acting on the caller's behalf) first obtaining the recipient's prior express written consent to receive such calls. *See* 47 U.S.C. §

227(b)(1); 47 C.F.R. §§ 64.1200(a)(3), (f)(9). The penalty for violating these provisions is $500 per call and up to $1,500 per call placed in willful violation of the TCPA. 47 U.S.C. § 227(b)(3)

8.      Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

9.      In fact, in 2021 alone, there were over *five million complaints* from Americans to the FTC about unwanted telemarketing calls.  Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

10.     The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87

(2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

12.     This Court has personal jurisdiction over Defendant, FAHWC, a California corporation, which systematically conducts business in the State of Michigan.

13.     Additionally, Defendant called Plaintiff unlawfully on her cell phone with a "313" area code, which is associated with Metropolitan Detroit.

14.     Defendant also used a "313" area code number to call Plaintiff.

15.     Through those acts, FAHWC knowingly and purposefully availed itself to the State of Michigan.

16.     Plaintiff resided within this District at all times relevant hereto.   Plaintiff received the calls at issue and experienced the associated harm within this District.

17.     Accordingly, personal jurisdiction exists and venue is proper pursuant to 28 U.S.C. §1391 (b)(1) and §1391 (b)(2).

## PARTIES

18.     Plaintiff, Marcia Kimble is a natural person who resided in Detroit, Michigan at all times relevant hereto.

19.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

20.     Defendant FAHWC is a California corporation which maintains its headquarters at 1244 Apollo Way, Santa Rosa, California 95407.

21.     FAHWC can be served through its registered agent "Registered Agent Solutions, Inc.", at 720 14th St., Sacramento, California 95814.

22.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

23.     Defendant acted through its agents, employees, officers, members, directors,

- 4 -

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

24.     At all times relevant hereto, Plaintiff, Marcia Kimble owned a cell phone, the number for which was (313) XXX-4318.

25.     Plaintiff registered that cell phone number on the Federal Do Not Call Registry on April 25, 2019.

26.     Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

27.     At all times relevant hereto, Plaintiff used that cell phone primarily for residential purposes.

28.     Between December 2019 and January 2020, Defendant placed at least five (5) calls to Ms. Kimble for the purpose of soliciting a home warranty Kimble did not want or need.

29.     Ms. Kimble did not consent in any manner, to receive telemarketing calls from FAHWC, much less provide the express written consent that is required by the TCPA before placing solicitation calls to numbers on the Do Not Call registry.

30.     On December 23, 2019, a company, which upon information and belief, is known as National Home Project, called Ms. Kimble soliciting home warranty policies.

31.     During that call, the telemarketer sought permission for "First American Home Warranty" to call Ms. Kimble to call her with an automatic telephone dialing system.

32.     Ms. Kimble expressly stated in that call she did not want to be bothered by any phone calls.  Ms. Kimble stated if she wanted to speak with FAHWC, she would call the company herself.

33.     At that time, Kimble had no established business relationship with FAHWC.

PLAINTIFF'S CLASS-ACTION COMPLAINT

34.     Despite the absence of express written consent or an established business relationship, and in contravention of Kimble's clear instruction on December 23, 2019, that she did not want to receive any calls, FAHWC placed telemarketing calls to Kimble on dates, including but not limited to the following:

| Date of Call | Number of Calling Party |
|---|---|
| December 27, 2019 | (313) 749-0083 |
| December 30, 2019 | (313) 749-0083 |
| December 31, 2019 | (313) 749-0083 |
| January 2, 2020 | (313) 749-0083 |
| January 3, 2020 | (313) 749-0083 |

35.     In those calls, FAHWC attempted to sell Kimble a home warranty plan.

36.     Accordingly, each of the aforementioned calls were "solicitations" by nature and part of a campaign of solicitation calls.

37.     The foregoing acts and omissions were in violation of the TCPA.

**CLASS ALLEGATIONS**

38.     Plaintiff brings this claim on behalf of a class, pursuant to Federal Rule of Civil Procedure 23.

39.     Plaintiff seeks to represent the following class:

**Do-Not-Call Registry Class:** All persons in the United States: (1) the person's telephone number was on the National Do-Not-Call Registry; (2) the person received two or more calls were on behalf of FAHWC within twelve months; (3) those calls were for the

purpose of soliciting products or services of FAHWC from four years prior to the filing of this Complaint through the date a class is certified.

40.     Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

41.     The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

42.     Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

43.     Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests which might cause them not to vigorously pursue this action.

44.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

45.     Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

46.     Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

    a.  Whether Defendant, or someone operating on its behalf, placed solicitation calls to Plaintiff and the putative class members' residential lines;

PLAINTIFF'S CLASS-ACTION COMPLAINT

b.  Whether Defendant can prevail on its affirmative defense of express written consent, as to Plaintiff and the putative class members;

c.  Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and

d.  Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

47.  Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing solicitation calls to the Plaintiff and the putative class members despite registration on the Do Not Call registry.

48.  Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this class action lawsuit.

49.  The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgements. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's

liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

50.     The Class representative was at all times relevant hereto a resident of Wayne County in the State of Michigan.  Accordingly, this District is an appropriate forum in which to adjudicate this dispute.

51.     Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
## DEFENDANT VIOLATED 47 US.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c)

52.     Ms. Kimble incorporates by reference the allegations of the previous paragraphs as if fully stated in this Count.

53.     Ms. Kimble brings this Count individually and on behalf of all others similarly situated.

54.     The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

55.     The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500 per

violation and up to $1,500 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

56.     In addition, the TCPA allows the Court to enjoin FAHWC's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A); 47 C.F.R. § 64.1200(c).

57.     By calling Ms. Kimble and the putative class members after their numbers were registered on the National Do Not Call Registry, FAHWC violated the TCPA, including but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

58.     FAHWC knew or should have known that Ms. Kimble and the putative class members had their numbers registered on the Do Not Call Registry.

59.     Kimble and the putative class members are entitled to damages of $500.00 per violation for each call placed by FAHWC and up to $1,500.00 per violation if the Court finds FAHWC willfully violated the TCPA.

## **Prayer for Judgment**

WHEREFORE, Plaintiff Marcia Kimble, individually, and or behalf of all other similarly situated, requests the Court grant the following relief:

a.  Enter an order against Defendant FAHWC, LLC pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Kimble as the class representative;

b.  Enter an order appointing Kimmel & Silverman, P.C as class counsel;

c.  Enter judgment in favor of Ms. Kimble and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if FAHWC willfully violated the TCPA;

d.  Enter a judgment in favor of Ms. Kimble and the putative class that enjoins FAHWC from violating the TCPA's regulations prohibiting FAHWC from calling/texting numbers registered on the National Do Not Call Registry;

- 10 -

e.  Award Ms. Kimble and the class all expenses of this action, and requiring FAHWC to pay the costs and expenses of class notice and administration; and

f.  Award Ms. Kimble and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARCIA KIMBLE, demands a jury trial in this case.

Respectfully submitted,

Dated: January 6, 2023            By: */s/ Jacob U. Ginsburg*
                                  Jacob U. Ginsburg, Esq.
                                  Kimmel & Silverman, P.C.
                                  30 East Butler Ave.
                                  Ambler, PA 19002
                                  Phone: (215) 540-8888 x 104
                                  Facsimile: (877) 788-2864
                                  Email: jginsburg@creditlaw.com
                                  teamkimmel@creditlaw.com

PLAINTIFF'S CLASS-ACTION COMPLAINT