# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARCIA KIMBLE, *individually, and*
*on behalf of all others similarly*
*situated,*

Case. No. 2:23-cv-10037-DML-EAS

                    Plaintiff,

District Judge David M. Lawson

  v.

FIRST AMERICAN HOME
WARRANTY CORP. and
FIVESTRATA LLC,

Magistrate Judge Elizabeth A.
Stafford

                    Defendants.

## PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND AN INCENTIVE AWARD

Pursuant to Federal Rule of Civil Procedure 23(h) and the Court's Order dated January 19, 2024 (ECF No. 50), Plaintiff Marcia Kimble ("Plaintiff" or "Kimble") submits this unopposed motion for attorneys' fees, costs, expenses and a representative incentive award in connection with the class action settlement reached with Defendants First American Home Warranty Corp. and FiveStrata, LLC (collectively "Defendants").

In total, Plaintiff seeks an award of $195,000 in attorneys' fees, $17,044.05 in litigation costs and expenses and a representative service award of $5,000 to Plaintiff.  These amounts are fair, reasonable and consistent with awards provided

in similar cases. For those reasons, set forth at length in the following memorandum and supporting papers, Plaintiff respectfully requests that this Court grant her unopposed motion for attorneys' fees, costs and expenses incurred and a class incentive award.

Respectfully submitted,

*/s/ Christopher E. Roberts*
Christopher E. Roberts (#61895MO)
Butsch Roberts & Associates LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
E-mail: croberts@butschroberts.com

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Michigan Bar ID: P84351
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, Pennsylvania 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiff and the Class*

Dated: May 30, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARCIA KIMBLE, *individually, and on behalf of all others similarly situated,*

                    Plaintiff,

v.

FIRST AMERICAN HOME WARRANTY CORP. and FIVESTRATA LLC,

                    Defendants.

Case. No. 2:23-cv-10037-DML-EAS

District Judge David M. Lawson

Magistrate Judge Elizabeth A. Stafford

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND AN INCENTIVE AWARD**

Pursuant to Federal Rule of Civil Procedure 23(h) and the Court's Order dated January 19, 2024 (ECF No. 50), Plaintiff Marcia Kimble ("Plaintiff" or "Kimble") submits this memorandum of law in support of her unopposed motion for attorneys' fees, costs, expenses and a representative incentive award in connection with the class action settlement reached with Defendants First American Home Warranty Corp. and FiveStrata, LLC (collectively "Defendants").

## I.    STATEMENT OF ISSUES PRESENTED

Should this Court: (1) grant Class Counsel's request for attorneys' fees in the amount of $195,000.00, which is equal to 27.85% of the gross class fund; (2)

reimburse Class Counsel $17,044.05 for litigation costs and expenses they reasonably incurred in prosecuting this case, and (3) award Ms. Kimble $5,000 for her service to the class.

## II.   PRIMARY CONTROLLING AUTHORITIES

The authorities set forth in this brief all carry equal weight. However, pursuant to Federal Rule of Civil Procedure 23(e) and (h), this Court should award the requested attorneys' fees, litigation expenses and representative service award.

## III.   INTRODUCTION

Plaintiff seeks final approval of her counsel's requested attorneys' fees, reimbursement of expenses, and payment of a class representative incentive award, consistent with the Order granting preliminary approval of the class settlement entered on January 19, 2024. Doc. 50.

The parties reached a class-wide settlement in connection with the claim filed under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") at a September 21, 2023, mediation in Detroit with retired Judge Gerald Rosen of JAMS. Defendants agreed to pay $700,000.00 to resolve the case, none of which will revert to Defendants.  With notice having been sent to over 20,000 class members, over 3,200 members submitted valid claims. This is a robust participation rate of

approximately 16%, with few opt-outs and no objections. Participating class members will receive approximately $130 each.[1]

Consistent with the Order granting preliminary approval and without objection from any of the over 20,000 class members or either paying defendant, class counsel seeks attorneys' fees of $195,000.00, which is 27.85% of the common fund - to be paid to class counsel Butsch Roberts & Associates, LLC and Kimmel & Silverman, P.C. Class counsel also seek $17,044.05 in litigation costs and expenses they reasonably incurred in this litigation, and an award of $5,000.00 to Ms. Kimble for her service to the class. The requested fees, reimbursement of costs and class representative incentive award are reasonable, fair and adequate. This motion should therefore be granted.

## IV.    This Court should approve Ms. Kimble request for an award of attorneys' fees.

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In the context of class actions, district courts within the Sixth Circuit typically award attorneys' fees as

---

[1] See ECF 53, p. 9; ECF 53-1 ¶ 12 (3,295 members recovering a pro rata share from a class fund of approximately $450,000.00 comes to $129.33).

a percentage of the common funds obtained for class members. That is, "[r]ather than the court's ascertaining a 'reasonable fee,' the attorney receives a percentage of the fund awarded to the class." *Fournier v. PFS Invs., Inc.*, 997 F. Supp. 828, 832 (E.D. Mich. 1998).

Using "[t]he percentage of the fund method has a number of advantages; it is easy to calculate; it establishes reasonable expectations on the part of plaintiffs' attorneys as to their expected recovery; and it encourages early settlement, which avoids protracted litigation." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). The percentage of the fund method thus "is preferred in this district because it eliminates disputes about the reasonableness of rates and hours, conserves judicial resources." *In re Auto. Parts Antitrust Litig.*, No. 12-2311, 2018 WL 7108072, at *1 (E.D. Mich. Nov. 5, 2018); *accord Todd S. Elwert DC, Inc. v. Alliance Healthcare Servs., Inc.*, 2018 WL 4539287, at *4 (N.D. Ohio Sept. 21, 2018) ("This Court adopts the percentage of the fund method to determine reasonable attorneys' fees here as it is the preferred method in the Sixth Circuit for common fund cases and because it most accurately reflects the results achieved in a case.").

Here, class counsel requests an award of attorneys' fees equal to 27.85% of the total common funds. While approval of "[t]he specific percentage is left to the court's discretion," *Fournier*, 997 F. Supp. at 832, the Sixth Circuit established

six factors to consider for an award's reasonableness: (1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996).

Counsel's requested fees and expenses and the representative service award, consistent with this standard, should be granted.

### A. Class counsel obtained an excellent result for the class, which surpasses recoveries in analogous TCPA settlements.

First and foremost, "[t]he value of the benefit rendered to the plaintiff class is among the most important factors to be considered." *Mees*, 2016 WL 67521, at *5; *see also In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 351 (N.D. Ga. 1993) ("The most important element in determining the appropriate fee to be awarded class counsel out of a common fund is the result obtained for the class through the efforts of counsel.")

Here, in the face of significant legal hurdles, *see infra*, class counsel obtained excellent results for the class. From the outset, the non-reversionary cash settlement funds are noteworthy in and of themselves, especially considering the changing legal landscape in which class counsel litigated this matter. *See id.*

This settlement provides significantly more relief compared to other approved TCPA class settlements. After deducting the requested attorneys' fees, litigation costs and expenses, costs of notice and claims administration, and the requested incentive award to Ms. Kimble, participating TCPA Class members who submit valid claims will receive approximately $130 - a figure toward the higher end of the spectrum of TCPA class settlements. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claiming class member); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (noting that "thirty dollars per claimant 'falls on the lower end of the scale,' it is nonetheless 'within the range of recoveries' in TCPA class actions"); *Rose v. Bank of Am. Corp.*, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (claimants received between $20 and $40 each).

Moreover, the class members who submitted valid claims will receive approximately $130 each despite the purely statutory damages at issue. Such damages are often deemed too small to incentivize individual actions. *See, e.g.*,

*Todd S. Elwert DC, Inc.*, 2018 WL 4539287, at *4 ("Class counsel secured a substantial benefit for class members. The [TCPA] does not provide for attorneys' fees, so individual claimants generally must proceed *pro se*. As such, many class members might not have pursued an individual suit."). This means that because of the settlement at hand, consumers will receive significant cash relief they otherwise likely would never have pursued on their own.

Against this backdrop, the value of the result obtained weighs heavily in favor of class counsel's fee award request, particularly considering larger fee awards approved in this district. *See Sheean v. Convergent Outsourcing, Inc.*, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019) (awarding 33 1/3% of the fund in a TCPA case); *Martin v. Trott Law, P.C.*, 2018 WL 4679626, at *9 (E.D. Mich. Sept. 28, 2018) (Lawson, J.) (award 33 1/3% of the fund and noting that "[t]he value of the benefit rendered by plaintiffs' counsel is substantial and evidently will result in payments of around $82 to more than 54,000 class members"); *In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473, at *4 (E.D. Mich. Jan. 20, 2015) (awarding 33 1/3%); *Simpson v. Citizens Bank,*, 2014 WL 12738263, at *6 (E.D. Mich. Jan. 31, 2014) ("Class Counsel's request for 33% of the common fund created by their efforts is well within the benchmark range and in line with what is often awarded in this Circuit.")

In short, the per claimant recovery of approximately $130 per claimant

exceeds typical TCPA settlements and the percentage of the fund Kimble seeks for her counsel of $27.85% is consistent with, and often lower than, approved class settlements. Accordingly, the attorneys fee sought are reasonable and should be granted.

### B. The questions underlying this matter were unsettled and uncertain.

Obtaining the results here took careful, strategic work on the part of class counsel considering the uncertainty of the litigation. This action involved many unsettled legal questions. As the Court noted in its Order granting preliminary approval, this case faced numerous hurdles that made success far from guaranteed:

> [T]he plaintiff's prospects for success on the merits are uncertain. To start, First American may not be liable if it can show that FiveStrata was an independent contractor rather than an agent. *See Keating v. Peterson's NelNet*, 615 F. App'x 365, 371-72 (6th Cir. 2015) (explaining that liability under the TCPA does not extend to independent contractors). Next, the plaintiffs acknowledge that some courts have held that the TCPA's do-not-call protections do not apply to calls received on cell phones. *See, e.g., Cunningham v. Politi*, No. 18-00362, 2019 U.S. Dist. LEXIS 102545, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019). Other courts require a showing that an individual's cell phone number is used for residential purposes. *See Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017). This issue could require further individualized assessment. Finally, the defendants have argued that at least some putative plaintiffs consented to receiving calls, although the plaintiff disputes that there is evidence of that . . . .

Doc. 50, pp. 19-20.

In addition to the challenging legal issues, the Defendants litigated vigorously,

forcing class counsel to manage fights on multiple fronts. *See e.g.* Doc. Nos. 34, 35, 36 (motions to dismiss and motion to bifurcate discovery); *see also* Doc. No. 33 (Plaintiff's counsel addressing a renewed effort to bifurcate discovery after the other defendant's effort was denied by the Court). Class counsel handled the challenges and risks aptly and entered a fair and adequate settlement for the class. Accordingly, the difficulty and uncertainty of this case warrants the attorneys' fees requested.

### C. Class counsel undertook this litigation on a contingent basis, bearing considerable risk that they would not be paid for their efforts.

Next, "[n]umerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award." *Columbus Drywall & Insulation, Inc.*, 2008 WL 11234103, at *3 (N.D. Ga. Mar. 4, 2008). This is, in part, because even in ordinary cases, "uncertain is the outcome," *id.*, and the corresponding risk taken by counsel in connection with contingent fee arrangements—no assurance of payment—warrants a higher percentage of the fund. *Id.*

As the Eastern District of Michigan previously noted:

In undertaking to prosecute this complex case entirely on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. That risk warrants an appropriate fee. The risks are inherent in financing and prosecuting complex litigation of this type, but Class Counsel undertook representation with the knowledge that they would have to spend substantial time and money and face significant risks without any assurance of being compensated for their efforts. Only the most experienced plaintiffs' litigation firms would risk the time and expense involved in bringing this Action in light of the possibility of a recovery at an uncertain date, or of no recovery at

all.

*Simpson*, 2014 WL 12738263, at *7 (internal citations omitted).

Ms. Kimble entered into a contingent attorneys' fee agreement with counsel. *See* Declaration of Christopher E. Roberts, ¶ 5; Ginsburg Dec. ¶ 17. Such risk of non-payment, combined with counsel's dedicated efforts over the course of the last fifteen months, supports the 27.85% fee award requested. *See Martin*, 2018 WL 4679626, at *9 (awarding a one-third fee, in part, because "[c]lass counsel was retained on a contingent basis and assumed the risk of advancing substantial costs and expenses of the litigation throughout its tortuous course, particularly with respect to the herculean efforts of the parties during the electronic discovery process.")

### D. Class counsel devoted significant time and resources to achieve an excellent result.

Although the time and labor required "is an essential touchstone for recovery in a statutory fee case where reasonableness is measured in part by reference to the lodestar analysis," in a common fund case, "the amount involved . . . and the results obtained may be given greater weight when, as in this case, the trial judge determines that the recovery was highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class." *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988). In other words, class

counsel's time and labor "need not be evaluated using the lodestar formulation when, in the judgment of the trial court, a reasonable fee is derived by giving greater weight to other factors, the basis of which is clearly reflected in the record." *Id*.; *see also In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473, at *5 (E.D. Mich. Jan. 20, 2015) ("the quality of work performed in a case that settles before trial is best measured by the benefit obtained").

Class counsel have spent significant time on this matter for well over one year. Specifically, class counsel achieved the results in this case after: (a) investigating the underlying facts concerning Plaintiff's and the class members' claims; (b) investigating and researching the defenses presented by Defendants; (c) performing legal research concerning the class members' claims, Defendants' defenses and other issues raised by Defendants in various motions filed in the case; (d) drafting an amended complaint; (e) holding multiple meetings with Plaintiff; (f) discussing various legal issues and defenses with opposing counsel; (g) appearing in Court for conferences and hearings and preparing for these appearances; (h) meeting with the mediator before mediation; (i) preparing a mediation statement; (j) appearing for a mediation; (k) drafting a settlement agreement and class notice documents; (l) conferring with opposing counsel and the settlement administrator to develop a notice plan; (m) reviewing and revising the settlement website; (n) researching, drafting and preparing a motion for

preliminary approval of the class action settlement; (o) responding to class member inquiries about the case; (p) staying in close contact with the settlement administrator about the settlement and issues that arose. Among other items not included in this list include the preparation of Plaintiff's Unopposed Motion for Attorneys' Fees, Expenses, and an Incentive Award, time spent preparing for, traveling to and appearing for the final approval hearing, and additional correspondence with the settlement administrator (and potentially class members). Roberts Declaration, ¶¶ 8-12[2]; Ginsburg Dec. ¶¶ 19-33.

Counsel's time was significant and supports the requested attorneys' fees.

### E. Class counsel should be rewarded for their roles as private attorneys general serving a greater public good.

"Attorneys who undertake the risk to vindicate legal rights that may otherwise go unredressed function as 'private attorneys general.'" *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1217 (S.D. Fla. 2006). Their role as such merits significant weight in evaluating proper compensation for class counsel in TCPA class-actions, as the TCPA is unique from other consumer protection statutes in that it lacks a fee-shifting mechanism in the language of the

---

[2] A lodestar crosscheck also supports the requested fee award. The fees requested results in a 1.33 multiplier *without* accounting for the filing of this motion and brief and other work on the case. Roberts Declaration, ¶¶ 8-12; Ginsburg Dec., ¶ 33. *See generally Bowman v. Art Van Furniture, Inc.*, 2018 WL 6444514, at *3 (E.D. Mich. Dec. 10, 2018) (applying a lodestar multiplier of 2).

statute. *See* 47 U.S.C. § 227(c)(5)(B) *contra* 15 U.S.C. § 1692k (attorneys' fees recoverable for plaintiffs under the Fair Debt Collection Practices Act; 15 U.S.C. § 1681n(a)(3) (attorneys' fees recoverable for plaintiffs under the Fair Credit Reporting Act) Accordingly, "awarding attorneys' fees in [TCPA] class actions benefits society by encouraging attorneys to pursue [TCPA] claims through class actions… class actions are arguably the only effective way to enforce the [TCPA] as individual suits are unlikely." *Todd S. Elwert DC, Inc.*, 2018 WL 4539287, at *4.

Prosecuting claims under the TCPA also serve the public interest. As this Court noted, Americans continue to experience "the common irritant of unwelcome solicitation calls from merchants seeking to generate sales leads." ECF No. 50, p. 1. Three decades after the TCPA was passed into law, there were nonetheless five million complaints from Americans to the FTC in 2021 alone, for unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry* (Jan. 5, 2022), *available at*: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.  With technology facilitating cost-efficient robocalls and the widespread transmission of consumer data to telemarketers, TCPA class-actions serve as a check to protect the interest of consumer privacy.

Accordingly, it benefits the public interest that attorneys be incentivized to serve as private attorneys general through TCPA class-actions. Public policy favors approving Kimble's motion for attorneys' fees.

### F. The attorneys' fees requested are consistent with, and less than other class-action settlements in this Circuit.

The percentage of the common fund which Kimble seeks for her counsel of 27.85%, is notably lower than the standard 33% awarded in class-action settlements in this Circuit. *See Sheean v. Convergent Outsourcing, Inc.*, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019) (awarding 33 1/3% of the fund in a TCPA class-action); *Martin v. Trott Law, P.C.*, 2018 WL 4679626, at *9 (E.D. Mich. Sept. 28, 2018) (Lawson, J.) (award 33 1/3% of the fund and noting that "[t]he value of the benefit rendered by plaintiffs' counsel is substantial and evidently will result in payments of around $82 to more than 54,000 class members"); *In re Prandin Direct Purchaser Antitrust Litig.*, 2015 WL 1396473, at *4 (E.D. Mich. Jan. 20, 2015) (awarding 33 1/3%); *Simpson v. Citizens Bank,*, 2014 WL 12738263, at *6 (E.D. Mich. Jan. 31, 2014) ("Class Counsel's request for 33% of the common fund created by their efforts is well within the benchmark range and in line with what is often awarded in this Circuit"); *Carr v. Bob Evans Farms, Inc.*, No. 17-1875, 2018 WL 7508650, at *5 (N.D. Ohio July 27, 2018)

(one-third of common fund awarded as attorney fee); *Osman v. Grube, Inc.*, No. 16- 802, 2018 WL 2095172, at *5 (N.D. Ohio May 4, 2018) (same).

Having obtained a comparatively high recovery for participating class members,[3] Kimble nonetheless seeks a comparatively modest attorney fee for her counsel.

## V. The Court should approve reimbursement of class counsel's litigation costs and expenses of $17,044.05.

Under "the common fund doctrine, class counsel is entitled to reimbursement of all reasonable out-of-pocket litigation expenses and costs in the prosecution of claims and in obtaining settlement." *Todd S. Elwert DC, Inc.*, 2018 WL 4539287, at *5. Class counsel incurred reasonable costs and expenses in connection with this matter, including filing and service fees, mediation costs, and travel costs. These categories of expenses for which class counsel seek reimbursement are the type of expenses routinely charged to paying clients in the marketplace and thus are properly reimbursed under Rule 23. *See Todd S. Elwert DC, Inc.*, 2018 WL 4539287, at *5 ("Reasonable expenses include the costs of document production, consulting with experts, travel, and other litigation-related expenses.").

Class counsel seek reimbursement for $17,044.05 in litigation costs and

---

[3] *See supra* Section IV(A) (collecting cases where TCPA class settlements received final approval with per claimant recoveries between $20-$90 compared to the $130 her participating member here).

expenses. *See* Roberts Declaration, ¶¶ 18-19. These expenses are eminently reasonable in a class action like this and were necessary for the successful prosecution of this action. Notably, no class member has objected to counsel's request for reimbursement of litigation costs and expenses, which are less than the $18,000 in total costs to which the Court granted preliminary approval (ECF No. 50) and expenses set forth in the class notices.

## VI.   The Court should approve an incentive award to Ms. Kimble in the amount of $5,000.

"Incentive awards are 'efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class.'" *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 2016 WL 6272094, at *2 (W.D. Mich. Mar. 1, 2016) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). Such awards are "usually viewed as extensions of the common-fund doctrine, a doctrine that holds that a litigant who recovers a common fund for the benefit of persons other than himself is entitled to recover some of his litigation expenses from the fund as a whole." *Hadix*, 322 F.3d at 898.

Here, this settlement would not have been possible but for the dedication of Ms. Kimble. *See* Roberts Declaration, ¶¶ 13-16; Ginsburg Dec., ¶¶ 18, 27, 28;Declaration of Marcia Kimble, ¶¶ 11-19; Ms. Kimble retained and produced critical records, on which Plaintiff's counsel relied to bolster her claim. *See id.*

Furthermore, Kimble actively participated throughout the case, including regular conferrals with her counsel, appearing and participating in an all-day mediation and appearing in person for the preliminary approval hearing. *See* Kimble Dec., ¶¶ 11-23; Ginsburg Dec. ¶¶ 18-19, 23, 28; Roberts Dec. ¶¶ 13-16. An incentive award of $5,000 to Ms. Kimble is justified considering her efforts. Moreover, this award is certainly reasonable considering other awards granted. *See, e.g., Johansen v. One Planet Ops, Inc.,* 2020 WL 7062806, at *5 (S.D. Ohio Mar. 25, 2020) ($10,000 award for class representative)*; Jackson's Five Star Catering, Inc. v. Beason*, 2:10-cv-10010, ECF No. 90 (E.D. Mich. Apr. 15, 2015) (Tarnow, J.) ($15,000 award for class representative); *See Charvat v. Valente,* 2019 WL 55769322019, 2019 U.S. Dist. LEXIS 187225, at *33 (N.D. Ill. Oct. 28, 2019) ($25,000 award for class representative).

Marcia Kimble has been a model class representative in the course of this litigation and the modest service award of $5,000.00 should be given final approval.

## VII.   CONCLUSION

For the foregoing reasons, without opposition from Defendants First American Home Warranty Corp. or FiveStrata, LLC, Plaintiff and Class Representative Marcia Kimble respectfully requests that the Court approve an award

of attorneys' fees of $195,000, reimbursement of litigation costs and expenses of $17,044.05, and an incentive award of $5,000 for Plaintiff.

*/s/ Christopher E. Roberts*
Christopher E. Roberts (#61895MO)
Butsch Roberts & Associates LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, Missouri 63105
Phone: (314) 863-5700
Fax: (314) 863-5711
E-mail: croberts@butschroberts.com

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.
Michigan Bar ID: P84351
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, Pennsylvania 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF CONFERENCE

I, Jacob U. Ginsburg, Esq. hereby certify that Herman Hofman, counsel for FiveStrata and Mark Silver, counsel for First American Home Warranty Corp. confirmed on May 29, 2024 they will not oppose our motion for attorneys' fees, expenses and a representative incentive award.

*/s/ Jacob U. Ginsburg*

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 30, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>/s/ *Jacob U. Ginsburg*   </u>